EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CENTERPLATE., an unknown business entity; THE VOLUME SERVICES
AMERICA, INC., and unknown corporation; and DOES 1 through 25,
Inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ESTELA ALVAREZ, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/12/2021** at 01:21:05 PM
Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 West Broadway San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2021-00043600-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua D. Gruenberg, 2155 First Ave, San Diego, CA 92101, 619.230.1234

| DATE:<br>*(Fecha)* 10/13/2021 | Clerk, by<br>*(Secretario)* Van Senl<br>V. Sezenol | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CENTERPLATE., an unknown business entity

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
         ☒ other *(specify):* an unknown business entity
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

| PLAINTIFF(S) / PETITIONER(S): | Estela Alvarez |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | CenterPlate et.al. |
|---|---|

ALVAREZ VS CENTERPLATE [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00043500-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Timothy Taylor                    Department: C-72

**COMPLAINT/PETITION FILED:** 10/12/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/25/2022 | 09:45 am | C-72 | Timothy Taylor |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# EXHIBIT 3



Joshua D. Gruenberg, Esq. SB #163281
Pamela Vallero #308301
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
**ESTELA ALVAREZ**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/12/2021** at 01:21:05 PM

Clerk of the Superior Court
By Vanessa Sezenol,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

ESTELA ALVAREZ, an individual,

Plaintiff,

v.

CENTERPLATE., an unknown business entity;
THE VOLUME SERVICES AMERICA, INC.,
and unknown corporation; and DOES 1 through
25, Inclusive,

Defendants.

Case No.   37-2021-00043600-CU-OE-CTL

**PLAINTIFF'S COMPLAINT FOR:**

1. GENDER DISCRIMINATION [Cal. Gov't Code § 12940(a)];
2. RETALIATION/WRONGFUL TERMINATION [Cal. Gov't Code § 12940(h)];
3. FAILURE TO PROVIDE EQUAL PAY TO MEMBERS OF THE OPPOSITE SEX [Cal. Lab. Code § 1197.5(a);
4. RETALIATION [Cal. Lab. Code § 1197.5(j)(1)];
5. RETALIATION [Cal. Lab. Code § 1102.5];
6. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT [Cal. Gov't Code § 12940(k)];
7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
8. NEGLIGENT SUPERVISION;
9. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Cal. Gov't Code § 12940(n)];
10. FAILURE TO ACCOMMODATE [Cal. Gov't Code § 12940(m)];

**[JURY TRIAL DEMANDED]**

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff ESTELA ALVAREZ, (hereinafter "Plaintiff" or "Alvarez") is a natural person who is, and at all relevant times was, a lawful permanent resident of the United States and a domiciliary of the State of California. Plaintiff is a female.

2. Plaintiff is informed and believes and thereon alleges that Defendant, CENTERPLATE (hereinafter "Centerplate" or "Defendant"), is an unknown business entity doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 et seq. On information and belief Centerplate employs in excess of five employees in San Diego and elsewhere.

3. Plaintiff is informed and believes and thereon alleges that Defendant, VOLUME SERVICES AMERICA, INC. (hereinafter "VSA" or "Defendant"), is an unknown business entity doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 et seq. On information and belief VSA employs in excess of five employees in San Diego and elsewhere.

4. Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

5. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

6. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

7.    The tortious acts and omissions alleged herein were performed by management level employees of Defendant. Defendant allowed and/or condoned a continuing pattern of fraudulent and unfair practices.

8.    At all times mentioned herein, Cal. Gov't Code §12940, et seq., was in full force and effect and was binding on Defendants.

9.    The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Gov't. Code §12940, et seq., as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

10.    At all times mentioned herein, Cal. Lab. Code § 1197.5(a) was in full force and effect and was binding on Defendants.

11.    The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Lab. Code § 1197.5(a) as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

12.    Defendants had actual and constructive knowledge of the tortious acts and omissions alleged and thereafter ratified said conduct by failing to reprimand or terminate.

13.    Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

14.    Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

15.    Plaintiff filed her charges of discrimination, retaliation and harassment against Centerplate and Volume Services America with the California Department of Fair Employment and Housing on October 13, 2020, and thereafter, received from the DFEH her "Right to Sue" letters, which are collectively attached hereto as "EXHIBIT A."

///

///

**SPECIFIC FACTUAL ALLEGATIONS**

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

17. Defendant, Volume Services America, Inc. ("VSA"), is a corporation located in the state of South Carolina, in the United States of America. VSA is a part of the Restaurants and Other Eating Places Industry. VSA operates doing business under the name "Centerplate". Centerplate ("Defendant") is an entity part of the food and beverage industry who operates its food-services to more than three hundred entertainment venues across the nation, including venues outside of the United States.

18. Plaintiff worked for Centerplate at the San Diego Convention Center, located at 111 W Harbor Drive, San Diego, California, 92101.

19. In or around March of 2004, Defendant hired Plaintiff as a dishwasher.

20. Defendant's Human Resources Representative, throughout Plaintiff's employment, was Susana Rodriguez (hereinafter "Human Resources" or "Rodriguez"). Throughout Plaintiff's employment, her primary Manager was Sabino Robles (hereinafter "Manager Robles").

**Centerplate Refuses to Consider Plaintiff for a New Department**

21. In or around 2004, Defendant hired Plaintiff as a dishwasher. Throughout her employment Plaintiff communicated to her employer that she wished to work in the kitchen as a Prep-Cook. In fact, Plaintiff had applied for the Prep-Cook position when she initially applied to Centerplate in 2004.

22. At the time, Defendant relayed to Plaintiff that there was no Prep-Cook position but that she would be considered for the position in the future. As the years went on, Plaintiff continued to ask her employer to consider her for work in the kitchen. Defendant was aware that Plaintiff was certified to work in the kitchen and as a Prep-Cook, as she had disclosed her certification to such position prior to beginning her employment in 2004.

23. Plaintiff repeatedly disclosed the fact that she was certified to work in the kitchen and as a Prep-Cook to her employer. Further, Plaintiff would repeatedly remind her employer of

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    her desire to change department.

2    24.    However, Plaintiff's efforts to change department were ignored and disregarded by

3    Defendant. Therefore, Plaintiff continued working as a dishwasher for several years

4    despite her employment history of kitchen work.

5    **Defendant Discriminates Against Plaintiff For Being A Female and Significantly**

6    **Cuts her Hours**

7    25.    When Plaintiff began her employment with Centerplate in 2004, Plaintiff was working an

8    average of 8 hrs a day 5 days a week, and sometimes would work 6 to 8 hours per day.

9    26.    However, Defendant quickly began to discriminate against Plaintiff for being a female.

10    Specifically, Manager Robles would blatantly tell Plaintiff that he would not give

11    Plaintiff work because he required male employees to do the job. Defendants hired

12    Plaintiff, a female, as a dishwasher. Plaintiff was competently able to sufficiently

13    complete the same work in a similar manner as her male counterparts.

14    27.    Plaintiff was given minimal hours, in comparison to her male counterparts who had

15    always been given more hours. It was evident that Manager Robles preferred to give

16    more work to male employees.

17    28.    Plaintiff would complain to Defendant about the cut in hours and Manager Robles'

18    discrimination towards female employees.

19    29.    To worsen the circumstances, at some point in 2019, Plaintiff experienced a drastic cut in

20    afforded hours of work after she was placed on work restrictions following a work injury

21    she endured.

22    30.    Furthermore, Defendant did nothing to ensure that the hours were fairly given to male

23    and female employees. Thus, the discrimination continued and Manager Robles

24    continued to award hours to male employees.

25    31.    It was evident by Manager Robles' response that Plaintiff would not be receiving the

26    same amount of hours as her male counterparts. Rather, Plaintiff was punished for being

27    a female and not afforded the appropriate amount of hours. Due to Manager Robles and

28    Defendants, who showed preferential treatment to male employees, Plaintiff had to suffer

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

lower wages received in comparison to the male employees.

32. Plaintiff felt discriminated against for being a female and not being afforded the same hours as male employees. As a result, Plaintiff suffered financially and had no choice but to adjust to the economic struggles she endured due to Manager Robles' discriminatory behavior.

### Defendant Retaliates Against Plaintiff for Taking Medical Leave and Returning with Restricted Work Modifications

33. In or around December of 2018, while at work, Plaintiff suffered a hemorrhage. Plaintiff was returning to work from her break when she started feeling painful cramps in her abdomen, the pain rapidly worsened, and she started bleeding. At first, Plaintiff believed it was her menstrual cycle but realized she was bleeding excessively and the pain was coming from another source. Plaintiff while in excruciating pain stayed in the bathroom thirty minutes over her break attempting to clean herself up.

34. Once Plaintiff returned to work, she notified the Head Supervisor (a male supervisor whose name is unknown) that she was not feeling well and had an emergency in the restroom. The Head Supervisor claimed Plaintiff had stolen company time and told Plaintiff to report the incident to Human Resources.

35. Rather than accommodate Plaintiff for the medical emergency she had experienced, Defendant reprimanded Plaintiff for exceeding her break period by thirty minutes.

36. Defendant placed Plaintiff on suspension for going over her rest period by thirty minutes.

37. After work, Plaintiff went to her treating physician who informed Plaintiff she had suffered a hemorrhage.

38. In or around late December of 2019, Plaintiff's treating physician placed her on modified work restrictions.

39. Upon returning to work from her suspension, Plaintiff realized that her working conditions had changed. Plaintiff had returned to work with restricted work modifications and had relayed these restrictions to her employer. In response, Defendant began to heavily cut Plaintiff's hours following her recent injury and continued to do so for the

1    remainder of 2019.

2   40.   In retaliation for taking an emergency break as a result of having suffered a hemorrhage,

3    Defendant retaliated against Plaintiff and severely cut her hours.

4   41.   In or around June of 2019, Manager Robles told Plaintiff that she needed to work faster

5    and pressured Plaintiff within the workplace. While being instructed to work at a faster

6    pace, Plaintiff was rushing and slipped on a piece of ice in the kitchen. Plaintiff then fell

7    onto a food station and slipped onto the floor hitting her left knee and back.

8   42.   Plaintiff reported her workplace injury to Rodriguez, the Head of Human Resources.

9   43.   Manager Robles was exhibiting a frustration and distain towards Plaintiff's physical state.

10    As a result, Plaintiff had injured herself.

11   44.   On or around June 13, 2019, Plaintiff was instructed to physically pull a refrigerator by

12    her Supervisor Talia (legal first and last name of person identified is unknown).

13    Employees nearby at the time over heard Supervisor Talia order Plaintiff to do this task.

14   45.   While pulling the refrigerator, a box of sternos fell on Plaintiff's head. As a result,

15    Plaintiff sought medical assistance and went to the hospital.

16   46.   Plaintiff suffered a scalp contusion, a neck strain, and concussion. Thereafter, Plaintiff's

17    treating physician placed her on a modified work restriction.

18   47.   Plaintiff was required to work with restrictions, including: no overhead work, no forceful

19    gripping or grasping with upper extremities, limited lifting, pushing, and pulling

20    movements to no more than ten pounds, and five-minute stretch breaks for repetitive

21    motions every hour.

22   48.   Plaintiff's employer was duly notified and well aware of Plaintiff's work restrictions.

23    **Supervisor Orders Plaintiff to do a Task in Violation of Plaintiff's Known**

24    **Work Restrictions**

25   49.   In or around June of 2019, while Plaintiff was under modified work duty, Supervisor

26    Mando ordered Plaintiff to conduct a task that was restricted. Supervisor Mando ordered

27    Plaintiff to push a heavy cart – a task that was well outside of the job duties Plaintiff was

28    allowed to perform at the time. Supervisor Mando was aware of Plaintiff's work

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    restrictions.

2    50.   At the time of the request, Plaintiff told Supervisor Mando that she should not do this

3          task as provided by her limited duty instructions from her physician. Nonetheless,

4          Supervisor Mando ordered plaintiff to carry out the task, without considering the safety

5          of Plaintiff. While carrying out the task as she had been ordered, Plaintiff was re-injured,

6          given she was on modified duty.

7    51.   Due to Plaintiff's injuries, she was forced to seek further accommodations to be able to

8          carry out her job duties.

9    52.   Thereafter, Defendant failed to provide accommodations for Plaintiff. Rather, Defendant

10         requested Plaintiff continue to perform job duties that were outside of her limited duty

11         instructions.

12                        **Defendant Retaliates Against Plaintiff**

13   53.   On a separate occasion, in or around August of 2019, Supervisor Mando ordered Plaintiff

14         to push a cart that was carrying hot contents. While pushing the hot-cart, another

15         employee placed an item on top of the hot-cart that Plaintiff was pushing. Plaintiff had

16         not seen the item placed on the hot-cart. As a result, and without investigating the matter

17         or providing Plaintiff with a warning, Defendant noted the action as a safety violation on

18         part of Plaintiff.

19   54.   Plaintiff felt the violation, as reflected in her employment record, was unsubstantiated

20         and without merit, given she had not placed the hot contents on the cart herself, nor seen

21         it placed there.

22   55.   Plaintiff felt unheard by her employer. Defendant and Human Resources failed to provide

23         a proper recourse or a proper outlet for Plaintiff, an employee, to explain the situation.

24         Furthermore, Plaintiff felt as if she was being singled-out by Defendant.

25   56.   Human Resources blamed Plaintiff for her own injury, stating she had engaged in unsafe

26         conduct. Defendants continued to accuse Plaintiff of engaging in unsafe business

27         practices, even though the issue was out of Plaintiff's control. While Plaintiff attempted

28         to explain the situation to her employer – that Plaintiff was only following the commands

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

of her supervisors – Defendant decide to punish Plaintiff and note it in her employee file. Defendants had no interest in understanding what commands Plaintiff had been given by her superiors.

57.   Plaintiff was frustrated that Defendants had once again blamed Plaintiff for own injuries sustained at work. However, it was not a surprise that her injuries had been ignored. In the past Defendants had shown no remorse to Plaintiff when she was injured at work. For example, in or around December 5, 2018, Plaintiff had gone to the hospital due to a hemorrhage she had suffered, and thereafter Defendants and Supervisors at work did not abide by Plaintiff's modified work restrictions.

## Defendants Harass Plaintiff for Taking Meal and Rest Periods

58.   Throughout Plaintiff's employment, male supervisors yelled and harassed Plaintiff, in a frightening and condescending manner when giving commands to Plaintiff.

59.   Managers yelled at Plaintiff for taking a lunch break or rest periods.

60.   Supervisors in Plaintiff's department harassed Plaintiff for taking her break, and would make it known that taking her lawful break was discouraged.

61.   Plaintiff felt as if she could not take a break, in fear of the backlash she would receive from management.

62.   On several occasions, Management would not give Plaintiff a lunch break or rest period. Plaintiff would be forced to work without a break, which in turn caused her much physical fatigue – since Plaintiff, as a dishwasher, would often be on her feet while also using her hands.

63.   To worsen the circumstances, not only would Plaintiff be denied a break, but also when Plaintiff would take a break, she would be harassed and vigilantly watched by management. Plaintiff would be on her lunch break or rest period and a manager nearby would diligently be watching over her and counting every minute that Plaintiff was on break. The presence of management forced her to believe she was not allowed to take a break or else fear retaliation.

64.   When Plaintiff would attempt to use the restroom during her break, employees would

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    come into the restroom and tell Plaintiff that Manager Robles was looking for Plaintiff.

2    Aside from being micromanaged, Plaintiff felt extremely uncomfortable knowing her

3    manager was keeping attention to whether plaintiff was in the bathroom or not.

4  65.    The harassment continued when Rodriguez from Human Resources told Plaintiff that she

5    should have waited until her beak to use the bathroom due to the fact that Plaintiff had

6    been using the bathroom for a couple of minutes. Human Resources had invaded on

7    Plaintiff's privacy and ability to use the bathroom – while ignoring an employee's right to

8    a rest period. Plaintiff explained to Rodriguez that Plaintiff did not have breaks available

9    to her and therefore had no other choice.

**Plaintiff Blows the Whistle on Upper Management**

11  66.    After enduring the retaliatory treatment from management, Plaintiff reported the

12    harassment to Human Resources.

13  67.    Plaintiff sought help from Human Resources to alleviate the harassment Plaintiff was

14    enduring. Plaintiff properly reported up the chain of command, hoping her employer

15    would agree that Plaintiff should have a lunch break and allow her to receive one.

16  68.    However, Human Resources did nothing to protect Plaintiff and the harassment

17    continued.

**Defendant Retaliates Against Plaintiff for Whistleblowing**

19  69.    Importantly, Managers singled out Plaintiff and only reprimanded Plaintiff for taking a

20    break, whereas other employees, especially male employees, were not harassed by

21    managers for taking a lunch break. It was evident to Plaintiff that she was being singled

22    out for complaining to Human Resources about the lack of meal and rest periods.

23  70.    Shortly after seeking help from Human Resources, Plaintiff decided to apply for a change

24    in department because she could no longer endure the mistreatment from management.

25  71.    Defendant denied Plaintiff's application for a change in department for falsely stated

26    grounds. First, Defendant had denied Plaintiff's application for a change in department on

27    the basis that Plaintiff did not speak English. However, several other employees in the

28    new kitchen department that Plaintiff was applying to did not speak English.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

72. Furthermore, Defendant denied Plaintiff's application on the grounds that Plaintiff did not have experience in the kitchen prep field. However, Plaintiff had years of experience and a certification in the new kitchen department. Defendant knew of Plaintiff's experience and nonetheless denied her application without concrete justification.

### Defendants Ostracize Plaintiff and Wrongfully Terminate Her

73. In response to Plaintiff's statement to Human Resources about her managers' intentional interference with her right to take breaks, Defendants suspended Plaintiff without cause in or around early November of 2019. Defendants had silenced Plaintiff after she had complained on several occasions about her work environment.

74. In or around November 13, 2019, Plaintiff wrote a letter to Rodriguez listing the issues occurring within the company, including: the lack of meal breaks, the gender discrimination, and the unequal hours being distributed to male versus female employees.

75. On November 15, 2019, when Plaintiff returned to work, Defendant wrongfully terminated plaintiff. Plaintiff was told she was fired for violating company rules. The alleged violations were a result of the negligent instructions and tasks supervisors had commanded Plaintiff do. Plaintiff had simply followed the command of her supervisor and had attempted to notify a supervisor of the safety hazard for which she was later terminated for.

76. Ultimately, Defendants retaliated against Plaintiff for filing a formal complaint about the discrimination, harassment, wage and hour violations, and labor code violations, which resulted in the unlawful termination of Plaintiff's employment.

### FIRST CAUSE OF ACTION

### GENDER DISCRIMINATION

### [Cal. Gov't Code §12940(a)]

77. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

78. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

79.  Plaintiff believes and thereon alleges that her gender, female, was a motivating reason for Defendant's discrimination against her.

80.  Defendant's conduct of discriminating against Plaintiff on the basis of her gender violated Cal. Gov't Code § 12940(a).

81.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

82.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

83.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

84.  In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## SECOND CAUSE OF ACTION

### RETALIATION/WRONGFUL TERMINATION

#### [Cal. Gov't Code §12940(h)]

85.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

86.  Plaintiff and Defendant maintained an employer-employee relationship at all times relevant herein.

87.  Defendant has retaliated against Plaintiff as a direct and proximate result of her opposition to gender discrimination.

88.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    sustained and continues to sustain substantial losses in earnings, employment benefits,

2    employment opportunities, and Plaintiff has suffered other economic losses in an amount

3    to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

4    89.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

5    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

6    mental and physical pain and anguish, all to her damage in a sum to be established

7    according to proof.

8    90.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

9    to recover punitive and exemplary damages in an amount commensurate with

10   Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

11   conduct.

12   91.    In addition to such other damages as may properly be recovered herein, Plaintiff is

13   entitled to recover prevailing party attorney's fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE EQUAL PAY TO MEMBERS OF THE OPPOSITE SEX

### [Cal. Lab. Code § 1197.5(a)]

17   92.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

18   the preceding and subsequent paragraphs as though fully set forth herein.

19   93.    Plaintiff performs substantially similar work, when viewed as a composite of skill, effort,

20   and responsibility, and which is performed under similar working conditions, as

21   Defendant's male employees.

22   94.    Plaintiff, as a female employee of Defendant, was afforded less hours and as a result was

23   paid less than Defendant's male employees who performed substantially similar work, as

24   alleged herein.

25   95.    Manager Sabino showed preferential treatment to male employees and awarded male

26   employees more hours than female employees including Plaintiff.

27   96.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

28   sustained and continues to sustain substantial losses in earnings, employment benefits,

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    employment opportunities, and Plaintiff has suffered other economic losses in an amount

2    to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

3    97.   As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff

4          has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

5          and mental and physical pain and anguish, all to her damage in a sum to be established

6          according to proof.

7    98.   In addition to such other damages as may properly be recovered herein, Plaintiff is

8          entitled to recover attorney fees and costs pursuant to Labor Code sections 1197.5(g) and

9          218.5. Plaintiff is also entitled to recover, as liquidated damages, an amount equal to the

10         balance of wages she is owed, pursuant to Labor Code section 1197.5(g).

## FOURTH CAUSE OF ACTION

### RETALIATION

### [Cal. Lab. Code § 1102.5]

14   99.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

15         the preceding paragraphs as though fully set forth herein.

16   100.  Plaintiff performed work for Defendant, as an employee of Defendant, as stated herein.

17   101.  Defendant discriminated Plaintiff on the basis of gender and failed to provide equal pay

18         to members of the opposite sex.

19   102.  Defendant discriminated against Plaintiff for having required modified work restrictions

20         as ordered by her treating physician.

21   103.  Plaintiff had reasonable cause to believe that Defendant's acts were discriminatory.

22   104.  Plaintiff retaliated against Plaintiff as a result of her opposition to Defendant's unlawful

23         conduct.

24   105.  Plaintiff's opposition to Defendant's illegal actions was a motivating reason for

25         Defendant's adverse employment actions.

26   106.  Defendant's conduct was a substantial factor in causing Plaintiff's harm.

27   107.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

28         sustained and continues to sustain substantial losses in earnings, employment benefits,

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    employment opportunities, and Plaintiff has suffered other economic losses in an amount

2    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

3    108.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

4    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

5    mental and physical pain and anguish, all to her damage in a sum to be established

6    according to proof.

7    109.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

8    to recover punitive and exemplary damages in an amount commensurate with

9    Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

10    conduct.

11    110.   In addition to such other damages as may properly be recovered herein, Plaintiff is

12    entitled to recover prevailing attorney's fees pursuant to Code of Civil Procedure section

13    1021.5.

14    ### FIFTH CAUSE OF ACTION

15    ### RETALIATION

16    ### [Cal. Lab. Code § 1197.4(j)(1)]

17    111.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

18    the preceding paragraphs as though fully set forth herein.

19    112.   Labor Code section 1197.4(j)(1) forbids an employer from discriminating or retaliating

20    against an employee for any action taken by the employee to invoke or assist in any

21    manner the enforcement of Cal. Lab. Code § 1197.5.

22    113.   Plaintiff performed work for Defendant, as an employee, as stated herein.

23    114.   Plaintiff opposed Defendant's failure to provide equal hours and in turn equal pay to

24    members of the opposite sex. Plaintiff also opposed Defendant's failure to provide

25    adequate meal and rest periods, and was thereafter retaliated against.

26    115.   Defendant decreased the hours afforded to Plaintiff and refused to promote Plaintiff to

27    the new department as alleged herein. Defendant awarded male employees more hours.

28    116.   Plaintiff believes and thereon alleges that her opposition to Defendant's illegal conduct

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    and to what she had good faith reasonable cause to believe was Defendant's illegal

2    conduct were motivating reasons for Defendant's adverse employment actions.

3    117.   Defendant's conduct of discriminating against Plaintiff by failing to provide her equal

4    pay, hours, meal and rest periods, and retaliating against Plaintiff in the terms, conditions

5    and privileges of her employment on the basis of her opposition to unlawful conduct and

6    to what she had good faith reasonable cause to believe was Defendant's illegal conduct

7    violates Labor Code section 1197.5(j)(1).

8    118.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

9    sustained and continues to sustain substantial losses in earnings, employment benefits,

10    employment opportunities, and Plaintiff has suffered other economic losses in an amount

11    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

12    119.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

13    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

14    mental and physical pain and anguish, all to her damage in a sum to be established

15    according to proof.

16    120.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

17    to recover punitive and exemplary damages in an amount commensurate with

18    Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

19    conduct.

20    121.   In addition to such other damages as may properly be recovered herein, Plaintiff is

21    entitled to recover prevailing attorney's fees.

22    ## SIXTH CAUSE OF ACTION

23    ### FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT

24    **[Cal. Gov't Code §12940(k)]**

25    122.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

26    the preceding paragraphs as though fully set forth herein.

27    123.   At all times mentioned herein, California Government Code section 12940 et seq. was in

28    full force and effect and was binding on Defendant.  This section provide that it is

1  unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to

2  prevent discrimination from occurring.

3 124. Plaintiff was subjected to discrimination and harassment on the basis of her sex, as set

4  forth herein.  Plaintiff was also subjected to retaliation for opposing said discrimination.

5 125. Defendant failed to take reasonable steps to prevent the harassment and retaliation as

6  described herein.

7 126. Human Resources was duly notified of the harassment and discrimination Plaintiff had

8  suffered and failed to take any reasonable steps to prevent the unlawful behavior from

9  continuing.

10 127. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

11  sustained and continues to sustain substantial losses in earnings, employment benefits,

12  employment opportunities, and Plaintiff has suffered other economic losses in an amount

13  to be determined at time of trial. Plaintiff has sought to mitigate these damages.

14 128. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff

15  has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

16  and mental and physical pain and anguish, all to her damage in a sum to be established

17  according to proof.

18 129. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

19  to recover punitive and exemplary damages in an amount commensurate with

20  Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

21  conduct.

22 130. In addition to such other damages as may properly be recovered herein, Plaintiff is

23  entitled to recover prevailing party attorney fees and costs pursuant to Government Code

24  section 12965.

25        **SEVENTH CAUSE OF ACTION**

26     **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27 131. Plaintiff re-alleges and incorporates by reference each and every allegation contained in

28  the preceding paragraphs as though fully set forth herein.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

132. Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did suffer extreme emotional distress as a result of Defendant's actions.

133. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

134. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

## EIGTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION

135. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

136. Plaintiff performed worked for Defendant, as an employee, as stated herein.

137. Defendant's employees and supervisors were incompetent, and discriminated against Plaintiff on the basis of Plaintiff's sex, as stated herein.

138. Defendant's agents, harassed Plaintiff for complaining about the lack of rest and meal periods.

139. Defendant's agents, harassed Plaintiff for complaining about the unfair pay and hours afforded to female employees.

140. Defendant's agents failed to follow Plaintiff's modified work restrictions due to her medical injury.

141. Defendant knew or should have known of the employees' incompetence.

142. Defendant failed to correct the unlawful and unethical conduct of its employees.

143. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

144. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

145. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

146. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## NINTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### [Cal. Gov't Code § 12940(n)]

147. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

148. Plaintiff sustained numerous onsite medical injuries that required accommodation and medical leave. Plaintiff was placed on workplace accommodations, as alleged herein.

149. Defendant did not engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation(s).

150. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

151. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

152. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

153. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(b).

## TENTH CAUSE OF ACTION
## FAILURE TO ACCOMMODATE
### [Cal. Gov't Code § 12940(m)]

154. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

155. Plaintiff suffered numerous medical onsite injuries that required accommodation and medical leave. Plaintiff was placed on workplace accommodations, as alleged herein.

156. Defendant failed to comply with the workplace accommodations set in place by Plaintiff's treating physician.

157. Defendant did not reasonably accommodate Plaintiff's medical condition, rather Defendant terminated Plaintiff's employment.

158. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

159. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

160. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    conduct.

2    161.   In addition to such other damages as may properly be recovered herein, Plaintiff is

3         entitled to recover prevailing party attorney's fees pursuant to Government Code section

4         12965(b).

5    WHEREFORE, Plaintiff prays for the following relief:

6         1.    For general and compensatory damages in an amount according to proof;

7         2.    For punitive damages in an amount necessary to make an example of and to

8              punish Defendant, and to deter future similar misconduct;

9         3.    For mental and emotional distress damages;

10        4.    For back pay, front pay and other monetary relief;

11        5.    For injunctive relief, including reinstatement, promotion, and retroactive

12             seniority;

13        6.    For costs of litigation, expert costs, and attorneys' fees as permitted by law;

14        7.    For an award of interest at the prevailing legal rate, as permitted by law;

15        8.    For such other and further relief as the Court deems proper and just under all the

16             circumstances.

17

18   **PLAINTIFF ESTELA ALVAREZ** demands a jury trial on all issues in this case.

19

20   DATED: October 12, 2021                    GRUENBERG LAW

21

22

23                                             JOSH D. GRUENBERG
                                               PAMELA VALLERO
24                                             Attorneys for Plaintiff,
                                               **ESTELA ALVAREZ**

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1

**EXHIBIT A**

2

3  (1)   PLAINTIFF ESTELA ALVAREZ'S RIGHT TO SUE LETTER FROM
          DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ("DFEH")

4

5  (2)   PLAINTIFF ESTELA ALVAREZ'S COMPLAINT OF DISCRIMINATION FILED
          WITH DFEH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 13, 2020

Rafael Hurtado
1350 Columbia Street, Suite 303
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202010-11518713
Right to Sue: Alvarez / Centerplate et al.

Dear Rafael Hurtado:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 13, 2020

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202010-11518713
Right to Sue: Alvarez / Centerplate et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 13, 2020

Estela Alvarez
1350 Columbia Street
San Diego, California 92101

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202010-11518713
Right to Sue: Alvarez / Centerplate et al.

Dear Estela Alvarez:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 13, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Estela Alvarez                                                         DFEH No. 202010-11518713

Complainant,

vs.

Centerplate
111 W Harbor Drive
San Diego, California 92101

The Volume Services America, Inc.
111 W Harbor Drive
San Diego, California 92101

Respondents

1. Respondent **Centerplate** is an **employer Centerplate** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **The Volume Services America, Inc.** as individual Co-Respondent(s).

3. Complainant **Estela Alvarez,** resides in the City of **San Diego,** State of **California.**

4. Complainant alleges that on or about **November 11, 2019,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, gender identity or expression, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic).

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, reprimanded, denied equal pay, suspended, demoted, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202010-11518713*

Date Filed: October 13, 2020

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied equal pay, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** Ms. Alvarez suffered an injury on or about June 2019, along with other work injuries prior to this one.  Thereafter, Ms. Alvarez was placed on modified duties and given restrictions.  The restrictions were not respected by the employer.  Ms. Alvarez was falsely accused of violating company policy.  She was suspended on November 1, 2019, and was terminated on or about November 11, 2019.

-2-
*Complaint – DFEH No. 202010-11518713*

Date Filed: October 13, 2020

1  VERIFICATION

2  I, **Rafael J Hurtado**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On October 13, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         -3-
                            *Complaint – DFEH No. 202010-11518713*
28  Date Filed: October 13, 2020

EXHIBIT 4

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT 5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joshua D. Gruenberg, Esq. (163281) / Pamela Vallero, Esq. (308301)<br>Gruenberg Law 2133 First Ave, Ssn Diego, CA 92101<br><br>   TELEPHONE NO.: 619-230-1234        FAX NO. *(Optional):* 619-230-1074<br>ATTORNEY FOR *(Name):* Plaintiff,Estela Alvarez | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/12/2021** at 01:21:06 PM<br>Clerk of the Superior Court<br>By Vanessa Sezenol,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadwav
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central

CASE NAME:
Alvarez v. Centerplate

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2021-00043600-CU-OE-CTL |
| | | JUDGE: Judge Timothy Taylor<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve            courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence           court
                                                            f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 12, 2021
Joshua D. Gruenberg
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use                    **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                        Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                                            www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]                 [ Clear this form ]

EXHIBIT 6

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:   330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:   Central | *FOR COURT USE ONLY* |

PLAINTIFF(S):   Estela Alvarez

DEFENDANT(S): CenterPlate et.al.

SHORT TITLE:   ALVAREZ VS CENTERPLATE [IMAGED]

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00043500-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)          ☐  Non-binding private arbitration

☐  Mediation (private)                          ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)            ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                   Name of Defendant

Signature                                              Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

Signature                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/13/2021 _____          _____
                                                                         JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)           **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**           Page: 1

# EXHIBIT 7



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00043500-CU-OE-CTL      CASE TITLE: Alvarez vs CenterPlate [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT 8

Carolyn Sieve (SBN 182763)
csieve@constangy.com
Aaron M. Rutschman (SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone:  310.909.7775
Facsimile:   424.465.6630

Attorneys for Defendant
CENTERPLATE, INC.
(erroneously named "CENTERPLATE")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ESTELA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CENTERPLATE, an unknown business entity; THE VOLUME SERVICES AMERICA, INC., an unknown corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 37-2021-00043500-CU-OE-CTL<br>The Hon. Timothy Taylor<br><br>**DEFENDANT CENTERPLATE, INC.'S ANSWER TO PLAINTIFF ESTELA ALVAREZ'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br><br><br>Complaint Filed:  October 12, 2021<br>Trial Date:        None Set |

Defendant Centerplate, Inc. ("Defendant") (erroneously named as "Centerplate"), for itself and for no other defendants, hereby answers the unverified Complaint ("Complaint") of Plaintiff Estela Alvarez ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the California Code of Civil Procedure §431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

### DEFENSES

1. In further answer to the Complaint, and as separate and distinct defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

2. Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

### FIRST DEFENSE

(Not the Employer)

3. The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant because Defendant never previously employed Plaintiff.

### SECOND DEFENSE

(Failure to State a Cause of Action)

4. Neither Plaintiff's Complaint nor any purported cause of action therein alleged, states facts sufficient to constitute claims upon which relief may be granted against Defendant.

### THIRD DEFENSE

(Failure to Exhaust)

5. Plaintiff's causes of action are barred, in whole or in part, to the extent Plaintiff has

1

failed to exhaust her administrative remedies as required by California law including, but not limited to, those prescribed by the California Fair Employment and Housing Act, section 12900 *et seq.* of the Government Code, and/or internal grievance procedures under the applicable Collective Bargaining Agreement.

### FOURTH DEFENSE

(Legitimate, Non-Discriminatory and Non-Retaliatory Reasons/Good Faith)

6.     Although Defendant denies that it engaged in the conduct attributed to it in Plaintiff's Complaint, if it is determined that the conduct alleged is legally attributable to it, Defendant is informed and believes, and based thereon alleges, that its conduct was based on reasonable, legitimate, and non-discriminatory and/or non-retaliatory reasons, and was based on a good faith belief that the conduct was justified based on facts separate and apart from any protected class to which Plaintiff belongs.

### FIFTH DEFENSE

(Legitimate Independent Reasons)

7.     Although Defendant denies that it engaged in the conduct attributed to it in Plaintiff's Complaint, if it is determined that the conduct alleged is legally attributable to it, Defendant is informed and believes, and based thereon alleges, that the alleged conduct would have occurred for legitimate, independent reasons irrespective of any protected class to which Plaintiff belongs.

### SIXTH DEFENSE

(Avoidable Consequences)

8.     Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior that may have occurred as alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventive, protective, or corrective opportunities provided by Defendant or otherwise to avoid harm.  Accordingly, the doctrine of avoidable consequences and principles of vicarious liability limit Plaintiff's claims.

### SEVENTH DEFENSE

(Statute of Limitations)

9.     Defendant alleges, based on information and belief, that Plaintiff's Complaint, or parts

thereof, are barred by the applicable statute of limitations. *E.g.,* Cal. Civ. Proc. Code §§ 338(a) and 340(a), Cal. Gov't. Code §§ 12960(d) and 12965(b), and Labor Code § 1197.5(i).

## EIGHTH DEFENSE

### (Failure to Request Accommodation and/or Participate In Good Faith Interactive Process)

10.     If Plaintiff is determined to be disabled and/or suffer from a medical condition under California Government Code Section 12926 or otherwise entitled to an accommodation, she failed to request reasonable accommodations and/or was the person responsible for the break down in the interactive process. Based upon her failure to participate in a timely, good faith interactive process with Defendant to determine effective reasonable accommodation(s), she cannot state a claim against Defendant under California Government Code Section 12940(n).

## NINTH DEFENSE

### (Inability to Perform Essential Duties)

11.     Plaintiff's claims are barred, in whole or in part, because, if Plaintiff is determined to be disabled and/or suffer from a medical condition under the law or be entitled to accommodation, Plaintiff was unable to perform the essential duties of the job, with or without a reasonable accommodation required under the law.

## TENTH DEFENSE

### (Failure to Report Workplace Injury)

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff suffered a workplace injury and failed to report such injury, file a worker's compensation claim, or otherwise put Defendant on notice of such injury.

## ELEVENTH DEFENSE

### (Causation by Plaintiff)

13.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by her own conduct and actions and not because of any unlawful conduct or actions by Defendant.

**TWELFTH DEFENSE**

(No Authorization or Ratification)

14.    Any unlawful or wrongful acts, if there were any, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or should have known of such acts.

**THIRTEENTH DEFENSE**

(Prompt and Appropriate Remedial Action)

15.    The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination and/or retaliation once Defendant was made aware of Plaintiff's complaints, if in fact Plaintiff complained.

**FOURTEENTH DEFENSE**

(Failure to Mitigate)

16.    Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate her purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

**FIFTEENTH DEFENSE**

(Proximate Cause)

17.    Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

**SIXTEENTH DEFENSE**

(Apportionment)

18.    Defendant alleges, based on information and belief, that should Plaintiff recover

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

damages against it, Defendant, is entitled to have the amount abated, apportioned or reduced to the extent that any other parties' action caused or contributed to said damage, if there were any.

**SEVENTEENTH DEFENSE**

(Laches)

19.   Defendant alleges, based on information and belief, that Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus Plaintiff's claims are barred by the equitable doctrine of laches.

**EIGHTEENTH DEFENSE**

(Waiver)

20.   Plaintiff has waived the right, by reason of her conduct and actions, to assert the claims alleged in her Complaint.

**NINETEENTH DEFENSE**

(Unclean Hands)

21.   The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

(Estoppel)

22.   Plaintiff is estopped, by reason of Plaintiff's conduct and actions, from asserting the claims alleged in Plaintiff's Complaint.

**TWENTY-FIRST DEFENSE**

(Punitive Damages Excessive)

23.   Defendant alleges that to the extent Plaintiff seeks punitive damages in an amount that is unconstitutionally excessive, such an amount violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the protections of the California State Constitution.

///

///

///

**TWENTY-SECOND DEFENSE**

(After-Acquired Evidence)

24.     Defendant reserves the right to assert that evidence of misconduct discovered subsequent to the termination of Plaintiff's employment on or about March 6, 2018 bars or limits any remedy in this action.

**TWENTY-THIRD DEFENSE**

(Same Decision)

25.     Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, if it is found that Defendant's actions were motivated by discriminatory and non-discriminatory reasons and/or retaliatory and non-retaliatory reasons, the legitimate non-discriminatory and/or non-retaliatory reasons alone would have induced Defendant to make the same decisions regarding Plaintiff's employment.

**TWENTY-FOURTH DEFENSE**

(Prompt and Appropriate Remedial Action)

26.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination and/or retaliation once Defendant was made aware of Plaintiff's complaints, if in fact Plaintiff complained.

**TWENTY-FIFTH DEFENSE**

(Exceed Scope of Charges)

27.     Defendant alleges, that the Complaint is barred, in whole or in part, to the extent that the allegations relating to Plaintiff's claims exceed the scope of the charges made by Plaintiff before the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

///

///

///

///

### TWENTY-SIXTH DEFENSE

(Lack of Knowledge)

28.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, as Defendant had no knowledge that Plaintiff was subject to discrimination and/or retaliation, if any, as alleged in Plaintiff's Complaint.

### TWENTY-SEVENTH DEFENSE

(Speculative Damages)

29.     Defendant alleges that Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

### TWENTY-EIGHTH DEFENSE

(Offset)

30.     Defendant alleges that if Plaintiff is entitled to recover any damages or relief under her Complaint herein, which Defendant denies, said recovery must be offset by any unemployment compensation, worker's compensation, disability insurance, employment compensation and/or any other insurance payment or compensation received by Plaintiff from any source.

### TWENTY-NINTH DEFENSE

(Different Pay Justified)

31.     If, as alleged in the Complaint, Plaintiff's wage rate was less than the rate paid to employees of the opposite sex working for Defendant who performed work similar to Plaintiff's work and under similar working conditions, which Defendant denies, the wage differential was justified.

### THIRTIETH DEFENSE

(Release Due to Settlement Agreement)

32.     Plaintiffs' claims and those of the putative class members and putative aggrieved employees are barred in whole or in part to the extent that Plaintiff, the putative class members, or putative aggrieved employees have released Defendant from liability as alleged in the Complaint

prior to the adjudication of those claims in the instant action. The claims are barred by the doctrines of release, accord and/or satisfaction.

## THIRTY-FIRST DEFENSE

### (Mixed Motive)

33.     Even if Plaintiff proves that disability or any other protected status was a substantial factor motivating the challenged employment actions, which Defendant denies, the same actions would have been taken based on legitimate considerations.

## THIRTY-SECOND DEFENSE

### (Workers' Compensation Preemption)

34.     Defendant is informed and believes, and based thereon alleges, that the Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or portions thereof, because Plaintiff's exclusive remedy for her purported injuries is under the California Workers' Compensation Act

## THIRTY-THIRD DEFENSE

### (Undue Hardship)

35.     Plaintiff's claims are barred, in whole or in part, because, if Plaintiff is determined to have made any requests for accommodation, such proposed accommodations would have created an undue hardship to the operation of their business.

## THIRTY-FOURTH DEFENSE

### (Failure to Use Ordinary Care And Diligence in Performance Of Job Duties)

36.     The Complaint, and each cause of action asserted therein, is barred in whole or in part by virtue of California Labor Code §§ 2854 and 2856 to the extent that Plaintiff failed to use ordinary care and diligence in the performance of his duties or follow employer instructions.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to further amend this Answer to assert any such defenses.

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by reason thereof;

2.    That Defendant be awarded its costs of suit incurred herein;

3.    That Defendant be awarded its attorneys' fees to the extent provided by law;

4.    That the Court rule on all pleaded defenses supported by the evidence;

5.    That judgment be entered in favor of Defendant; and

6.    That Defendant receive such other relief as the Court deems just and proper.

Dated:  December 21, 2021                **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By_____

Aaron M. Rutschman
Attorneys for Defendant
CENTERPLATE, INC. (erroneously named
"CENTERPLATE")

---

9

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

*Estela Alvarez v. Centerplate, The Volume Services America, Inc.,* Case No. 37-2021-00043500-CU-OE-CTL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age 18 and not a party to the within entitled action; my business address is CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.

On December 21, 2021, I served the document(s) described as **DEFENDANT CENTERPLATE, INC.'S ANSWER TO PLAINTIFF ESTELA ALVAREZ'S UNVERIFIED COMPLAINT FOR DAMAGES** on the interested party(ies) on this action as follows:

| | |
|---|---|
| Joshua D. Gruenberg, Esq. | *Attorneys for Plaintiff* |
| Pamela Vallero, Esq. | Estela Alvarez |
| **GRUENBERG LAW** | |
| 2155 First Avenue | |
| San Diego, California 92101-2013 | |
| Telephone: (619) 230-1234 | |
| Facsimile: (619) 230-1074 | |

**BY MAIL:** I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day in the ordinary course of business.

**(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 21, 2021**, in Los Angeles, California.

_____
Letty Toscano

EXHIBIT 9

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Carolyn Sieve (SBN 182763); Aaron M. Rutschman (SBN 288273)<br>Constangy, Brooks, Smith, & Prophete, LLP<br>2029 Century Park East, Suite 1100<br>Los Angeles, CA 90067<br><br>TELEPHONE NO.: 310.909.7775          FAX NO.(Optional):<br>EMAIL ADDRESS (Optional): arutschman@constangy.com<br>ATTORNEY FOR (Name): Def. Centerplate, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
- ☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)/PETITIONER(S)<br>Estela Alvarez | |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)<br>Service America Corporation dba Centerplate | JUDGE<br>Timothy Taylor |
| IN THE MATTER OF<br>Alvarez v. Centerplate | DEPT<br>C-72 |
| **PEREMPTORY CHALLENGE** | CASE NUMBER<br>37-2021-00043500-CU-OE-CTL |

Def. Centerplate, Inc. (erroneously named "Centerplate") _____, is ☒ a party ☐ an attorney for a party in the above-entitled case and declares that Judge Timothy Taylor _____, the judicial officer to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judicial officer.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judicial officer for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 21, 2021 _____          _____
                                                                            Signature

---

**ORDER**

☐ GRANTED – The court finds the challenge is timely filed and the party's/attorney's above statement meets the requirements of Code of Civ. Proc. §170.6 (a)(4).  The case will be reassigned and a notice will be mailed to the parties and/or counsel.

☐ DENIED

**IT IS SO ORDERED.**

Date: _____          _____
                                                    Judge/Commissioner of the Superior Court

Date: _____          Case is reassigned to Judge/Commissioner _____

**PROOF OF SERVICE**

*Estela Alvarez v. Centerplate, The Volume Services America, Inc.,* Case No. 37-2021-00043500-CU-OE-CTL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age 18 and not a party to the within entitled action; my business address is CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.

On December 21, 2021, I served the document(s) described as **PEREMPTORY CHALLENGE** on the interested party(ies) on this action as follows:

Joshua D. Gruenberg, Esq.                    *Attorneys for Plaintiff*
Pamela Vallero, Esq.                              Estela Alvarez
**GRUENBERG LAW**
2155 First Avenue
San Diego, California 92101-2013
Telephone: (619) 230-1234
Facsimile: (619) 230-1074

**BY MAIL:**  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on the same day in the ordinary course of business.

**(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 21, 2021**, in Los Angeles, California.

Letty Toscano

# EXHIBIT 10

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 13, 2020

Rafael Hurtado
1350 Columbia Street, Suite 303
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202010-11518713
      Right to Sue: Alvarez / Centerplate et al.

Dear Rafael Hurtado:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 13, 2020

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202010-11518713
Right to Sue: Alvarez / Centerplate et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 13, 2020

Estela Alvarez
1350 Columbia Street
San Diego, California 92101

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202010-11518713
Right to Sue: Alvarez / Centerplate et al.

Dear Estela Alvarez:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 13, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Estela Alvarez

DFEH No. 202010-11518713

Complainant,

vs.

Centerplate
111 W Harbor Drive
San Diego, California 92101

The Volume Services America, Inc.
111 W Harbor Drive
San Diego, California 92101

Respondents

_____

1. Respondent **Centerplate** is an **employer Centerplate** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **The Volume Services America, Inc.** as individual Co-Respondent(s).

3. Complainant **Estela Alvarez**, resides in the City of **San Diego,** State of **California.**

4. Complainant alleges that on or about **November 11, 2019,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, gender identity or expression, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic).

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, reprimanded, denied equal pay, suspended, demoted, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202010-11518713*

Date Filed: October 13, 2020

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied equal pay, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** Ms. Alvarez suffered an injury on or about June 2019, along with other work injuries prior to this one.  Thereafter, Ms. Alvarez was placed on modified duties and given restrictions.  The restrictions were not respected by the employer.  Ms. Alvarez was falsely accused of violating company policy.  She was suspended on November 1, 2019, and was terminated on or about November 11, 2019.

-2-
*Complaint – DFEH No. 202010-11518713*

Date Filed: October 13, 2020

1    VERIFICATION

2    I, **Rafael J Hurtado**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.  The matters alleged are
     based on information and belief, which I believe to be true.

4    On October 13, 2020, I declare under penalty of perjury under the laws of the State of
5    California that the foregoing is true and correct.

6                                                                          **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           -3-
                          *Complaint – DFEH No. 202010-11518713*
28   Date Filed: October 13, 2020